HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IVC HIGHLANDS TT, LLC,

Plaintiff,

v.

DIRECTBUY, INC.,

Defendant.

CASE NO. C16-327RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant DirectBuy, Inc.'s Motion for Rule 56(d) Continuance. Dkt. # 18. Defendant filed the Motion following Plaintiff IVC Highlands TT, LLC's Motion for Summary Judgment. *See* Dkt. # 15. For the following reasons, the Court **GRANTS** the Motion (Dkt. # 18) and, consequently, **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. # 15) without prejudice.

## II. BACKGROUND & ANALYSIS

Briefly, this case involves Plaintiff's breach of contract claim against Defendant related to a lease originally entered into on July 10, 2001, and the subsequent lease entered into on May 23, 2008. *See* Compl. ¶¶ 3.1-3.2. Those leases related to property located at the Highlands Campus Tech Centre in Bothell, Washington. *See id.* Those leases involved different landlords and tenants than the instant dispute. *See id.*

Plaintiff is the current owner of the property and a successor to the original landlord under the lease. *See id.* ¶ 3.4. On March 16, 2014, Arcangelo, Inc., the tenant at

the time, assigned its tenancy interest to Defendant. *See id.* ¶ 3.3. On the same date, the Parties appear to have executed an amendment to the lease, extending the term of the lease to March 31, 2020. *Id.* ¶ 3.5. Defendant is alleged to have vacated the premises without notice in October 2015 and subsequently failed to pay rent. *See id.* ¶¶ 3.6-3.7.

Plaintiff has since sought summary judgment on its breach of contract claim. *See* Dkt. # 15. Specifically, it requests summary judgment in the amount of $556,934, representing the amount allegedly due between September 2015 (when Defendant allegedly stopped paying rent) and December 2016. *Id.* at 1. Plaintiff also requests that the Court retain jurisdiction for any future rent and other damages accruing after entry of judgment and to preserve its ability to file a new lawsuit for such sums as they become due. *Id.*

Defendant brings the instant Motion pursuant to Federal Rule of Civil Procedure 56(d), requesting additional time to conduct discovery. *See* Dkt. # 18 at 4. Pursuant to that Rule, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: **(1)** defer considering the motion or deny it; **(2)** allow time to obtain affidavits or declarations or to take discovery; or **(3)** issue any other appropriate order." *Id.*

In order "[t]o prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Id.* (quoting *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)). "The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to

pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment." *Id.* (quoting *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990)). "Generally, if a summary judgment motion is filed 'before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56 [ (d) ] motion fairly freely.'" *Villegas v. United States*, 963 F. Supp. 2d 1145, 1160 (E.D. Wash. 2013) (quoting *Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 773 (9th Cir. 2003)).

There is little dispute that Defendant has timely brought its Motion.[1] The request was filed within the time Defendant had to oppose the summary judgment motion. *See* Dkt. # 15 (noted for July 22, 2016); Dkt. # 18 (filed June 23, 2016); Local Rules W.D. Wash. LCR 7(d)(3). Such requests have been held to be timely. *See Kocsis v. Delta Air Lines, Inc.*, 963 F. Supp. 2d 1002, 1019 (D. Haw. 2013) (citing *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 519-20 (9th Cir. 1990)) ("request timely if made prior to the summary judgment hearing").

Defendant has also specifically identified the discovery it seeks to conduct (as well as a proposed timely). In particular, Defendant seeks records from three non-parties: Schnitzer West, Broderick Group, Inc., and JLL. *See* Dkt. # 19 (Bergevin Decl.) ¶ 8. Schnitzer West is Plaintiff's property manager; Broderick Group was Plaintiff's broker for purposes of re-leasing the property; and JLL is Plaintiff's current broker for purposes of re-leasing the property. *See id.* ¶¶ 9-11. Defendant has also indicated that it wants to take depositions of individuals or representatives of these entities. *See id.* ¶¶ 14, 17.

The purpose of this discovery – as Defendant tells it – is to identify evidence supporting its affirmative defense of mitigation of damages. Much of this relates to a

---

[1] Plaintiff appears to argue that the Motion is not timely because Defendant has delayed in seeking the requested discovery. *See* Dkt. # 20 at 2. The Court finds otherwise. Much of the delay in this matter is attributable to the time spent on jurisdictional discovery and the delay upon removal of this case. *See* Dkt. # 1 at 2-3. Additionally, since removal, Defendant has not had a significant amount of time to commence discovery. Discovery in this matter is set to close on December 12, 2016, nearly six months after the Motion was filed. *See* Dkt. # 14.

prospective tenant, SportsArt, with whom Plaintiff attempted (without success) to negotiate a new lease. *See* Dkt. # 18 at 5. Plaintiff counters that this does not matter because Defendant would still be liable for the same amount (or more) even if Plaintiff had entered into the SportsArt lease and because no discovery is necessary to determine if Plaintiff's counteroffer to SportsArt was "honest and reasonable." *See* Dkt. # 20 at 4.

Under Washington law, "[w]hen a tenant abandons property, the landlord is entitled to recover the rent that would be due for the remainder of the term less the amount actually received from subsequent tenants during that time, so long as the landlord makes an honest and reasonable attempt to relet the property." *Crown Plaza Corp. v. Synapse Software Sys., Inc.*, 962 P.2d 824, 828 (Wash. Ct. App. 1997) (citing *Exeter Co. v. Samuel Martin, Ltd.*, 105 P.2d 83, 85 (Wash. 1940)); *see also Family Med. Bldg., Inc. v. State, Dep't of Social & Health Servs.*, 702 P.2d 459, 464 (Wash. 1985).

The evidence here suggests that Plaintiff has made such an effort by attempting to negotiate a lease with SportsArt. Still, discovery may reveal more – and such discovery may raise genuine issues of material fact as to the amount (if any) appropriate for summary judgment. If, for example, Defendant discovers evidence that Plaintiff failed to mitigate its damages following the breach, Defendant may be able to avoid liability for unpaid rent. *See Transpac Dev., Inc. v. Oh*, 130 P.3d 892, 895 (Wash. Ct. App. 2006) (noting that where court found plaintiff's letter terminating lease was not a sham and that it failed to mitigate damages caused by breach, defendant avoided liability for unpaid rent). And, most importantly for purposes of this Motion, the discovery Defendant now seeks goes directly toward these issues. Discovery from Plaintiff and the non-parties may reveal that Plaintiff's efforts were not as reasonable as it asserts.

Based on these facts, the Court finds that Defendant has met its burden in showing that a continuance pursuant to Federal Rule of Civil Procedure 56(d) is appropriate. The Court is further persuaded by the fact that this case remains in its early stages and Plaintiff has not presented significant evidence to show that Defendant has not diligently

pursued discovery. The Court only entered its scheduling order in April 2016, setting the discovery deadline for December 2016. Dkt. # 14. Plaintiff filed its summary judgment motion just two months later. *See* Dkt. # 15. In such cases, where a summary judgment motion is "is filed early in the litigation 'before a party has had any realistic opportunity to pursue discovery relating to its theory of the case,' a district court should 'freely' defer or deny such a motion." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 968 (N.D. Cal. 2015) (quoting *Assiniboine & Sioux Tribes*, 323 F.3d at 773). The Court finds that this course of action is appropriate here.

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion. Dkt. # 18. In light of Defendant's request (*see* Dkt. # 21 at 4), the Court will grant a continuance until **October 14, 2016** for Defendant to pursue the requested discovery. Furthermore, the Court will **DENY** Plaintiff's Motion for Summary Judgment (Dkt. # 15) **without prejudice**.

DATED this 12th day of July, 2016.

The Honorable Richard A. Jones
United States District Judge